IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TERESA HESTEKIN,

                Plaintiff,

v.

FRED BELAY, THE TOWN OF UNION,
BEKAH WEITZ, THE EAU CLAIRE
COUNTY HUMANE SOCIETY, JODI
S. BOHL, and CYNTHIA MATHER,

                Defendants.

OPINION AND ORDER

17-cv-869-wmc

     Plaintiff Teresa Hestekin asserts claims based on defendants' search of a kennel that she operated and the subsequent seizure and disposal of animals in her care. Before the court is an oddly-titled "full faith and credit" motion by defendants Bekah Weitz, Eau Claire County Human Association, Jodi S. Bohl and Cynthia Mather. (Dkt. #19.)[1] The other defendants, Fred Belay and the Town of Union, later joined in the motion. (Dkt. #28.) Defendants seeks dismissal of plaintiff's claims premised on the seizure and disposal of her animals as barred by claim or issue preclusion in light of earlier state court proceedings. Defendants also seek, ironically enough as plaintiff stresses, a finding that a state court judge's determination as to the illegality of the execution of the search warrant has no preclusive effect.

     The court will grant defendants' motion with respect to any claim premised on the seizure and disposal of the animals, but for a reason not offered by the parties, having

---

[1] In their motion, defendants point out that plaintiff misidentified one of the defendants as Cynthia Mathers, clarifying that the correct spelling of her last name is Mather. Accordingly, the court has corrected the caption of this opinion and order, and it directs the clerk's office to correct the spelling on the docket as well.

concluded that it lacks subject matter jurisdiction as to those claims under the *Rooker-Feldman* doctrine. With respect to the preclusive effect, if any, of the state court's finding in Hestekin's criminal proceeding that the search was illegal, that issue is not properly before the court at this time. Accordingly, the court will deny that portion of the motion without prejudice to defendants renewing it.

BACKGROUND[2]

Plaintiff alleges that she is (or at least was for all times pertinent to the allegations in her complaint) the owner and operator or a properly licensed kennel, doing business as Hestekin Hills Animal Shelter & Pet Adoption Services, Inc. She further alleges that her business was in competition with the Eau Claire County Humane Society. While certified as a Humane Officer by the State of Wisconsin, however, she was not appointed by Eau Claire County.

On April 4, 2013, defendants Belay, Weitz, Bohl and Mather executed a "no knock"

---

[2] Because the court is construing defendants' motion as one to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted). While the court concludes that dismissal under Rule 12(b)(1) is also appropriate, a comparable standard applies. *See Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) ("A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs."). In her complaint, plaintiff also references two state court proceedings and provides some detail as to both, with defendants providing supplemental information in their motion. Because the court may take judicial notice of these state court proceedings, it has considered defendants' filings as to both. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (explaining that a court may consider documents referenced in the complaint and central to the plaintiff's claims without converting a motion to dismiss to one for summary judgment); *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002) (holding that the court may take judicial notice of state court proceedings).

warrant to search plaintiff's home and kennel, seizing fourteen dogs, 5 cats, 2 macaws, photos, videos, supplies and equipment. On December 19, 2013, Eau Claire County filed a petition under Wis. Stat. § 173.23(3)(a), which claimed the right to dispose of the seized animals and sought reimbursement of cost of animal care in the amount of $68,291.94. On February 6, 2014, the circuit court entered a judgment against plaintiff in *See In re Forfeiture of Twelve Dogs, Four Cats, & Two Macaws*, No. 13CV746 (Eau Claire Cty. Feb. 6, 2014), awarding the County $74,388.10 and granting the County the right to dispose of the animals. (Zehms Aff., Ex. 8 (dkt. #27-9).) While the Wisconsin Court of Appeals subsequently vacated the money judgment, finding it contrary to the statute, *In re Forfeiture of Twelve Dogs, Four Cats, & Two Macaws*, 2015 WI App 1, ¶ 19, 359 Wis. 2d 270, 857 N.W.2d 487 (unpublished), Hestekin did not appeal the Circuit Court's order granting the County the right to dispose of the animals, *id.* at ¶ 1 ("Hestekin appeals that portion of the judgment requiring her to pay the County $74,388.10[.]").

As alluded to already, Hestekin was also charged in what she alleges was a "highly publicized criminal case." (Compl. (dkt. #2) ¶ 15.) Plaintiff further alleges that the search upon which the criminal charges were primarily founded was found "unconstitutional in November of 2015." (*Id*.) More specifically, as defendants explain and provide support for in their motion, the Eau Claire County District Attorney's Office filed a criminal complaint on November 19, 2013, charging Hestekin with four felony counts of mistreatment of an animal and four misdemeanor counts of negligently providing improper animal shelter sanitation standards. (Knight Aff., Ex. 3 (dkt. #25-3.) On November 20, 2015, however, the circuit court judge granted plaintiff's motion to suppress evidence

seized during the April 4, 2013, search, because the execution of the warrant was illegal. (*Id.*, Ex. 7 (dkt. #25-7).) As a result of that ruling, all charges against plaintiff were dismissed on October 18, 2016.[3]

In her complaint, plaintiff asserts the following claims: (1) unreasonable search and seizure in violation of her Fourth Amendment rights against all defendants; (2) deprivation of her property, including destruction of the animals, in violation of her due process rights under the Fifth and Fourteenth Amendments also against all defendants; (3) abridgement of her First Amendment rights by retaliating against her based on service of a notice of injury and notice of claim; (4) conversion, also based on the seizure of her property against defendants Eau Claire County Humane Society; and (5) trespass based on defendants' April 2013 search, also purportedly against all defendants.

OPINION

As the court noted above, defendants' motion is curious at best, since seeking "full faith and credit" by formal motion implies that this is the proper way to obtain full faith and credit. In support, defendants cite 28 U.S.C. § 1738, which provides in pertinent part:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

---

[3] Plaintiff also alleges that on March 6, 2013, she served a "Notice of Injury and Notice of Right of Claim on the Town of Union pursuant to Chapter 893 of Wisconsin statutes, claiming damages for warrantless entries and for citations by the Town under an unconstitutional ordinance." (Compl. (dkt. #2) ¶ 12.) As best as the court can surmise, this allegation is material to plaintiff's First Amendment retaliation claim, which is not the subject of the present motion to dismiss.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

While this court is bound by this federal statute, as well as a myriad of other substantive statutes, § 1738 does not even hint at a procedure for a federal court to take into consideration a state court's judicial proceedings in the abstract. Instead, this court looks to the Federal Rules of Civil Procedure for guidance. One such motion would be to seek dismissal of a claim under Rule 12(b)(6) as barred by issue or claim preclusion; another would be to bring a motion for summary judgment under Rule 56 on the grounds that a state court determination as to the illegality of a search satisfies an element of a § 1983 Fourth Amendment claim.

With these procedures in mind, the court will treat defendants' first request -- for a ruling that any claims premised on a finding that the initial seizure and holding of plaintiff's animals and eventual disposal of them is barred by claim or issue preclusion -- as a motion to dismiss for failure to state a claim under Rule 12(b)(6).[4] On the other hand, defendants' second request -- for a ruling that the circuit court's decision holding the search warrant illegal does not preclude defendants from arguing to the contrary in this court -- is not yet properly before the court under any cognizable procedural motion at this stage of

---

[4] Defendants file several affidavits in support of their version of the facts, upon which their briefing is premised. However, the affidavits are not properly before the court at the motion to dismiss stage, nor are they relevant to defendants' motion, which necessarily rests on this court agreeing to take judicial notice of state court proceedings.

the lawsuit. At most, this portion of defendants' motion is a preemptive response to a possible argument by plaintiff as to the preclusive effect of the state criminal court's finding here. Here, early resolution of this issue will not be dispositive, or even materially advance this lawsuit. As they have not done so, the court will not take it up at this time, though either side is free to renew by an appropriate motion.[5]

As for the first request, defendants argue in their motion that any claim premised on an assertion that the animals removed from Hestekin's property on April 4, 2013, were seized or disposed of illegally is barred by claim or issue preclusion. Plaintiff concedes as much in her response brief. (Pl.'s Opp'n (dkt. #29) (recognizing that "[s]ome counsel, perhaps most, would put duty to the client first and oppose both of these contentions, [b]ut such a response is contrary to the constitutional command defendants ignore" in disputing the preclusive effect of the criminal court's finding of illegality in execution of the search warrant).)[6]

Putting aside defendants' argument as to preclusion, there is a jurisdictional problem, which the court is required to consider even if not raised by the parties. *See Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (considering whether *Rooker-Feldman*

---

[5] Even if the court were to deem the issue ripe, the preclusive effect, if any, of this ruling is complicated by the fact that Eau Claire County is not a party to this lawsuit, at least not formally. At minimum, this raises issues of identity of interests that are better resolved on a more robust record at summary judgment.

[6] In light of this, the court is puzzled by defense counsel's representation that the parties could not move forward until the court ruled on this motion. (Dkt. #31.) Plaintiff conceded that her seizure and disposal claims were barred, albeit for a reason that the court need not, and cannot reach. As for the other request for relief in their motion, defendants are simply seeking a finding that they are not precluded from arguing that the execution of the search warrant was legal. As such, nothing about their motion would result in *dismissal* of plaintiff's illegal search claim.

6

bars claims *sua sponte* because the court is "required to consider subject-matter jurisdiction as the first question in every case, and we must dismiss this suit if such jurisdiction is lacking"). In particular, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to review the state court decision.[7] Generally, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The reason underlying the doctrine is that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

Here, plaintiff was just such a state court loser. The circuit court ruled in favor of the County, finding that there were reasonable grounds to believe that Hestekin had mistreated the seized animals and granting the County's request to dispose of them. Having failed to appeal that portion of the decision, plaintiff is now barred from coming into federal court and requesting a new review of that determination, much less seek relief from that judgment, including in the form of financial compensation for the "economic loss, personal injury, mental anguish and distress, property damage, [and] loss of property" that she experienced. (Compl. (dkt. #2) p.5.)

Accordingly, this court lacks subject matter jurisdiction over plaintiff's second cause of action for deprivation of her property, including destruction of the animals, in violation

---

[7] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

of her due process rights under the Fifth and Fourteenth Amendments also asserted against all defendants, and her fourth cause of action for conversion. Those claims will, therefore, be dismissed without prejudice for lack of jurisdiction. *See Jakupovic*, 850 F.3d at 904 (dismissal for lack of subject matter jurisdiction because barred by *Rooker-Feldman* doctrine is without prejudice).

ORDER

IT IS ORDERED that:

1) Defendants' Bekah Weitz, the Eau Claire County Human Association, Jodi S. Bohn, and Cynthia Mather's "full faith and credit" motion (dkt. #19) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to plaintiffs' second and fourth causes of action, dismissing those claims without prejudice for lack of subject matter jurisdiction. The motion is denied in all other respects, albeit without prejudice to either party.

2) Defendants' Fred Belay and the Town of Union's request to join (dkt. #28) is GRANTED.

Entered this 4th day of December, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge